a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MAJEED AGURE #A208-605-652,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-00457<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| DEPORTATION OFFICER HALSEY ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Majeed Agure ("Agure"). Agure is an immigration detainee at Winn Correctional Center in Winnfield, Louisiana. ECF No. 1. He challenges his continued detention.

Because Agure's Petition is premature, and he is not entitled to release, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. Background

Agure is a native and citizen of Ghana. ECF No. 1-2 at 3. He was ordered removed on October 31, 2024. ECF No. 1 at 4. Agure asserts that his prolonged detention is unlawful and his removal to Ghana is not likely to occur in the reasonably foreseeable future.

1

## II. Law and Analysis

After an alien is ordered removed, the Government generally has 90 days to remove him. *See* 8 U.S.C. § 1231(a)(1)(A). However, the United States Supreme Court has held that § 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months is presumptively reasonable. *Id.*

After six months, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 701.

Agure was ordered removed on October 31, 2024. His Petition was filed April 7, 2025, prior to the expiration of the presumptively reasonable six-month detention period. Therefore, his Petition is premature. Furthermore, Agure does not provide any correspondence indicating that Ghana has refused to issue travel documents. There is no reason to believe his removal is unlikely to occur in the reasonably foreseeable future.

### III.   Conclusion

Because Agure's Petition is premature, and he is not entitled to release at this time, IT IS RECOMMENDED that his Petition be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, April 23, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE